```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Rebecca Benoit

    v.                              Civil No. 17-cv-219-JL
                                        Opinion No. 2018 DNH 130

U.S. Social Security
Administration, Commissioner

**ORDER ON APPEAL**

Rebecca Benoit has appealed the Social Security Administration's ("SSA") denial of her application for a period of disability and disability insurance benefits. An administrative law judge ("ALJ") at the SSA ruled that, despite severe impairments, Benoit retains the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy, and thus is not disabled. See 20 C.F.R. §§ 404.1505(a), 416.905(a). The Appeals Council later denied Benoit's request for review, see id. § 404.967, with the result that the ALJ's decision became the final decision on her application, see id. § 404.981. Benoit then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Benoit has moved to reverse the decision. See LR 9.1(b). The Acting Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision. See LR 9.1(e). After careful

consideration, the court grants Benoit's motion and denies the Acting Commissioner's motion.

I. **Applicable legal standard**

The court limits its review of a final decision of the SSA "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). It "review[s] questions of law de novo, but defer[s] to the Commissioner's findings of fact, so long as they are supported by substantial evidence," id., that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The court "must uphold a denial of social security . . . benefits unless 'the [Acting Commissioner] has committed a legal or factual error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

II. **Background**[1]

The ALJ invoked the requisite five-step sequential evaluation process in assessing Benoit's request for disability

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their

2

and disability insurance benefits. See 20 C.F.R. §§ 404.1520, 416.920. After determining that Benoit had not engaged in substantial gainful activity after the alleged onset of her disability on August 28, 2013, the ALJ analyzed the severity of her impairments. At this second step, the ALJ concluded that Benoit had two severe impairments: affective disorder and anxiety disorders.[2]

At the third step, the ALJ found that Benoit's severe impairments did not meet or "medically equal" the severity of one of the impairments listed in the Social Security regulations.[3] See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. After reviewing the medical evidence of record, medical opinions, and Benoit's own statements, the ALJ concluded that Benoit retained the RFC to perform a full range of work at all exertional levels, but with the nonexertional limitations that the work involve only "simple, routine tasks," and "[w]hen dealing with changes in the work setting, she is limited to simple work related decisions."[4] Finding that, even limited in this manner, Benoit was able to

---

Joint Statement of Material Facts (doc. no. 14) is incorporated by reference. See LR 9.1(d).

[2] Admin. R. at 22-23.

[3] Id. at 23-24.

[4] Admin. R. at 24-25.

perform jobs that exist in significant numbers in the national economy, see 20 C.F.R. §§ 404.1566 and 416.966, the ALJ concluded his analysis and found that Benoit was not disabled within the meaning of the Social Security Act.

III. **Analysis**

After her administrative hearing and after the ALJ issued his decision denying Benoit's application for a period of disability and disability benefits, Benoit requested review by the Appeals Council. She submitted for the Council's consideration evidence that she obtained after the ALJ's decision issued on February 23, 2016. Specifically, she submitted two pieces of evidence: (1) a letter from Lina Juranty, LICSW, dated April 19, 2016, contesting the ALJ's interpretation and application to Benoit's case of certain notations in her records from Benoit's therapy session[5]; and (2) a "Mental Impairment Questionnaire" completed by Melinda Wolfe, APRN, and dated May 17, 2016.[6] Benoit argues that the Appeals Council erred by failing to consider this newly-submitted evidence.[7]

---

[5] Admin. R. at 585.

[6] Admin. R. at 589-92.

[7] Benoit also challenges the ALJ's evaluation of her mental impairments and the opinion evidence of a non-examining psychologist, as well as his findings that her symptoms were not supported by or consistent with the medical record and her daily activities. Having concluded that the Appeals Council erred in

4

The Appeals Council addresses new evidence submitted after the ALJ's decision using the following process:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).[8] In Benoit's case, the Appeals Council acknowledged the additional evidence.[9] It concluded that this evidence "is about a later time," and therefore "does not affect the decision about whether [she was] disabled beginning on or before February 23, 2016."[10] Accordingly, the Appeals Council denied Benoit's request for review.[11]

"[A]n Appeals Council refusal to review the ALJ may be reviewable where it gives an egregiously mistaken ground for"

---

its characterization of the evidence she submitted to it, the court need not address these arguments.

[8] A new version of this regulation was enacted on January 17, 2017. The Appeals Council began applying the new rules on May 1, 2017. When it reviewed this case on April 12, 2017, it therefore did so under the prior rule, which the court cites here.

[9] Id. at 2.

[10] Id.

[11] Admin. R. at 1.

its refusal to review the ALJ's decision. Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). "[I]f the Appeals Council mistakenly rejected the new evidence on the ground that it was not material, . . . a court ought to be able to correct that mistake . . . ." Id. at 6.

The Appeals Council offered a mistaken ground for refusing to review the ALJ's decision in Benoit's case. As Benoit points out, the newly-submitted evidence does not solely relate to the time following the ALJ's decision. To the contrary, though created after that decision, the evidence relates to the period before the ALJ issued his decision. Specifically, as Benoit observes, Juranty's letter elaborated on notes that the ALJ addressed in his decision,[12] and thus concerns Benoit's presentation during treatment that occurred before that decision was rendered. Similarly, Wolfe's questionnaire relates to the period before February 23, 2016 insofar as the opinion (1) identifies Benoit's symptoms "[a]s of Oct 2013 and initial assessment with this provider," noting that "many, if not all, are still present" at the time of assessment[13]; (2) identifies five periods of decompensation from 2015[14]; and (3) suggests that, "because of the level of [symptoms] [Benoit] experiences,

---

[12] Admin. R. at 585; id. at 26-27.
[13] Admin. R. at 589.
[14] Id. at 592.

6

it is difficult to see where if any progress has over 2½ years been made as it is very, very slow."[15] Thus, Wolfe's analysis is at least partially retrospective in nature and therefore does relate to Benoit's condition during the time before the ALJ issued his decision. As Judge McCafferty has explained, the fact that a questionnaire also contains statements relating to the claimant's condition "after the date of the ALJ's decision does nothing to undermine the retrospective character" of statements concerning the claimant's condition during the relevant timeframe.[16] Chigas v. Colvin, 2016 DNH 94, 10.

The Acting Commissioner argues that, even if the additional evidence related to the relevant time period, the Appeals Council still would not have considered it. The regulations in force at the time of the Appeals Council's decision required, before any such review, that the claimant demonstrate (1) "a reasonable probability that the evidence, alone or when considered with the other evidence of record, would change the outcome of the decision," and (2) that the claimant could not have submitted the evidence before the ALJ's decision for one of

---

[15] Id. at 592.

[16] It is not so clear that Juranty's letter also relates to the period prior to the ALJ's decision. The court need not resolve that conclusively, however, as Wolfe's questionnaire clearly does.

7

several enumerated reasons.[17] 20 C.F.R. § 405.401(c). Invoking this regulation, the Acting Commissioner contends that the Appeals Council would not have considered the additional evidence anyway, because Benoit provided no justification for submitting the evidence late and because it would not alter the outcome of the ALJ's decision.[18]

That may well be the case. But the Appeals Council gave a single reason for not considering the evidence: the fact that it did not relate to the relevant time period.[19] And that factual conclusion is incorrect. While there may be other reasons the Appeals Council would not consider the additional evidence that Benoit submitted, like Judge McCafferty, this court "is not inclined to affirm the Appeals Council under a rationale that the Appeals Council did not articulate itself." Chigas, 2016 DNH 11, 11. Cf. Gilbert v. Colvin, No. 14-cv-553-LM, 2015 WL 3755118, at *6 (D.N.H. June 16, 2015) ("[I]t is not for the Acting Commissioner to make arguments in support of the ALJ's decision that the ALJ did not make.") (citing Gurney v. Soc. Sec. Admin. Comm'r, 880 F. Supp. 2d 174, 178 (D. Me. 2012).

---

[17] This regulation was removed at the same time that 20 C.F.R. §§ 404.970 was amended. It was, however, in force at the time of the Appeals Council's decision.

[18] Mem. in Support of Mot. to Affirm (doc. no. 15-1) at 6-8.

[19] Admin. R. at 2.

## IV. Conclusion

For these reasons, the Acting Commissioner's motion to affirm[20] is DENIED and Benoit's motion to reverse and remand the Acting Commissioner's decision[21] is GRANTED to the extent that the case is remanded to the Acting Commissioner for further proceedings.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

    **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:   June 22, 2018

cc: Sheila O'Leary Zakre, Esq.
    Terry L. Ollila, AUSA

---

[20] Document no. 11.

[21] Document no. 8.